United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Tracy Schofield-Djevalikian, Plaintiff, | ) ) ) ) |
| v. | ) ) Civil Action No. 21-23094-Civ-Scola ) |
| Carnival Corporation, dba Carnival Cruise Lines, Defendant. | ) ) ) |

### Order

This action arises from Plaintiff Tracy Schofield-Djevalikian's allegations that Defendant Carnival Corporation's ("Carnival") negligence resulted in her sustaining injuries due to a slip-and-fall accident while onboard a Carnival vessel. (Compl., ECF No. 19.) The Court has reviewed and considered Schofield-Djevalikian's motion to amend her complaint for the second time, Carnival's response (Def.'s Resp., ECF No. 27), and Schofield-Djevalikian's reply thereto (Pl.'s Reply., ECF No. 28). For the reasons below, the Court **denies** the motion (**ECF No. 26**).

Schofield-Djevalikian argues that under Federal Rule of Civil Procedure 15(a)(2), "a court should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when leave to amend is requested after the deadline set by the Court, the movant must also show "good cause" under Rule 16(b) to be granted relief to amend. *See Sosa v. Air Print Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The standard set forth in Rule 16(b) "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418. Thus, "diligence is the key to satisfying the good cause requirement." *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) (Ungaro, J.). Only if "good cause" for an untimely amendment is shown under Rule 16(b), does Rule 15(a)'s instruction, that leave should be freely given when justice so requires, come into play. *See* Fed. R. Civ. P. 15(a)(2). While the standard under Rule 15(a) is lenient, still, "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the [opposing party], and futility of the amendment." *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations omitted).

Here, Schofield-Djevalikian, in her motion, fails to even mention Rule 16(b), never mind argue she has satisfied its good-cause requirement.[*] Further, while Rule 15(a) is lenient, Schofield-Djevalikian has already been granted leave to amend her complaint once (Am. Compl., ECF No. 19), Carnival has already answered that amended complaint, and the proposed changes appear unnecessary. Accordingly, the Court **denies** Schofield-Djevalikian's motion (**ECF No. 26**).

**Done and ordered** in Miami, Florida, on June 28, 2022.

Robert N. Scola, Jr.
United States District Judge

---

[*] In reply, Schofield-Djevalikian, for the first time, blames the untimeliness of her amendment on Carnival, complaining Carnival "attempted to obstruct the Plaintiff's access to . . . readily available information." (Pl.'s Reply at 2.) Not only does Schofield-Djevalikian improperly raise this issue for the first time in reply, but her contention is vague and unsupported. Accordingly, the Court declines to consider it. *See, e.g., Herring v. Secretary, Dep't of Corrections,* 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we have repeatedly admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.").